UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Case No. 1:05-CV-354

    Plaintiff,

v.        Hon. Richard Alan Enslen

GARY L. HARDEN, SR., and
PHILIP E. LOWERY,

    Defendants,
and

ERMA J. LOWERY,
CYBERSPACE, LTD.,
DEVELOPMENT INVESTMENTS
& ASSOCIATES, INC., PRINCETON
HOLDINGS, LLC, and PALANCAR,
LLC,        **OPINION**

    Relief Defendants.
_____/

This Court must resolve four separate motions: (1) Defendants Erma J. Lowery, Princeton Holdings, LLC, and Palancar, LLC's Motion to Dismiss for Lack of Personal Jurisdiction, or, Alternatively, Motion to Transfer; (2) Plaintiff Securities and Exchange Commission's Motion to Strike the Affidavit of Erma Lowery (pertaining to the first motion); (3) Plaintiff Securities and Exchange Commission's Motion for Final Judgment by Default against Defendant Gary L. Harden, Sr., Cyberspace, Ltd. and Development Investments & Associates, Inc.; and (4) Defendant Philip E. Lowery's Motion to Dismiss for Failure to State a Claim upon Which Relief May be Granted, or,

Alternatively, Motion for More Definite Statement.[1] Each of the Motions has been sufficiently briefed so that oral argument is unnecessary.

**BACKGROUND**

This suit is brought by Plaintiff alleging that Defendants Harden and Lowery violated antifraud and registration provisions of the federal securities laws in the sale of $5.8 million of Registered Limited Liability Partnership ("RLLP") units between January 1999 and March 2001. (Compl. ¶ 1.) According to the allegations, these units were ostensibly sold to investors to provide them with an opportunity to share in the profits of planned Internet casinos, which were to be formed by Lowery. (*Id.*) More than 80 investors were solicited to purchase units in 10 RLLPs. (*Id.*) The investors were told that investment funds would capitalize casino operations when in fact the funds were used to pay Harden and Lowery's personal expenses. (*Id.*) The investors lost of all of their monies after the casinos were shut down due to operational problems. (*Id.*) According to the Complaint, the offers and sales of the RLLP units were not registered as required by section 5 of the Securities Act of 1933, 15 U.S.C. § 77e(a) & (c). (Comp. ¶¶ 1 & 28.) Further, it is alleged that Defendants Harden and Lowery used the mails and interstate commerce to communicate materially false and incomplete statements to sell said units in violation of section 17 of the Exchange Act, 15 U.S.C. § 77q(a). (Comp. ¶¶ 1 & 30.) Similarly, it is alleged that Defendants Harden and Lowery used devices and schemes to defraud in interstate commerce to sell said units in violation of section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.

---

[1] Hereafter, each of the corporations and limited liability companies will be referred to by abbreviated versions of their names.

Plaintiff's Complaint was filed with the Court on May 19, 2005.  Defendants Harden and Philip E. Lowery are sued directly.  Defendants Erma J. Lowery, Cyberspace, Development Investments, Princeton, and Palancar are sued as "nominal" or "relief" Defendants for the purpose of an accounting and disgorgement of any proceeds of the illegal activities they received.  (*See* Compl. at 13, Prayer for Relief ¶ (ii).)

## PERSONAL JURISDICTION

### 1.  General Standards

Federal Rule of Civil Procedure 12(b)(2) mandates the dismissal of an action when personal jurisdiction over the defendant is lacking.  When challenged, a plaintiff bears the burden of establishing personal jurisdiction over a defendant by sufficient *prima facie* proof (affidavits and document evidence) of jurisdiction.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Market/Media Research v. Union-Tribune Publ'g Co.*, 951 F.2d 102, 104 (6th Cir. 1991); *Serras v. First Tenn. Bank*, 875 F.2d 1212, 1214 (6th Cir. 1989); *Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F. Supp. 371, 373 (W.D. Mich. 1990).  The Court has considerable discretion in assessing the evidence filed and as to whether to require an evidentiary hearing.  *Id.*  If the motion is decided on written submissions, the evidence adduced must be interpreted in a light most favorable to the plaintiff.  *Theunissen*, 935 F.2d at 1459.  The question of whether personal jurisdiction exists over a particular defendant depends on an analysis of both the pertinent state long-arm statute and the federal due process limitations on the exercise of personal jurisdiction.  *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997).

In 1945, the United States Supreme Court announced that the Due Process Clause of the United States Constitution requires that a defendant have sufficient minimum contacts with the

forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Over the years, this requirement has been tailored by many decisions of the Supreme Court and the Sixth Circuit Court of Appeals. A 1996 decision of the Sixth Circuit summarizes the basic due process requirements as follows:

> "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable."

*Compuserve, Inc v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting earlier case law). Furthermore, a review of the Michigan and Sixth Circuit case law interpreting Michigan's long-arm statute reveals that it has been interpreted as co-extensive with the due process inquiry. *See Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992); *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1150-51 (6th Cir. 1990), *Sifers v. Horen*, 188 N.W.2d 623, 623-24 (Mich. 1971); *see also Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996) (holding that where the long-arm statute extends to the constitutional limits, the two inquiries are merged).

### 2. Exception to Personal Jurisdiction Requirements

In the instant case, Plaintiff has made no effort to demonstrate that Erma Lowery, Princeton and Palancar have sufficient minimum contacts with this Michigan forum so as not to offend due

process.  Erma Lowery is a Colorado resident and the Princeton and Palancar entities are likewise far-flung limited liability companies, if they are still extant.[2]

Plaintiff's argument for personal jurisdiction is an argument about an obscure exception to the personal jurisdiction requirements which exists for "nominal" or "relief" defendants in S.E.C. cases.  To quote the case law:

> A "nominal defendant" is a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation.  A nominal defendant holds the subject matter of the litigation "in a subordinate or possessory capacity as to which there is no dispute." *Colman v. Shimer,* 163 F.Supp. 347, 351 (W.D. Mich. 1958) (quoting 2 J. Palmer, *Cyclopedia of Federal Procedure*, § 3.63 (3rd ed.)).  Because the nominal defendant is a "trustee, agent, or depositary," *id.,* who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection.  The court needs to order the nominal defendant to turn over funds to the prevailing party when the dispute between the parties is resolved.  A nominal defendant is not a real party in interest, however, because he has no interest in the subject matter litigated.  His relation to the suit is merely incidental and "it is of no moment [to him] whether the one or the other side in [the] controversy succeed [s]." *Bacon v. Rives,* 106 U.S. 99, 104, 1 S.Ct. 3, 6, 27 L.Ed. 69.  Because of the non-interested status of the nominal defendant, there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction over the defendant is established.  *Farmers' Bank v . Hayes,* 58 F.2d 34, 36 (6th Cir.1932).

*S.E.C. v. Cherif,* 933 F.2d 403, 414-16 (7th Cir. 1991) (footnote omitted).

Likewise, the Sixth Circuit in *Hayes* said:

> Appellant's first challenge to the jurisdiction of the court asserts lack of diversity of citizenship and absence of a separable controversy. To this we cannot assent. The bank is a citizen of Tennessee, and the surety a New York corporation. Each lays claim to the fund retained by the board of trust. The board makes no claim to it. In fact it sought and was given permission to pay the fund into court. A garnishee or stakeholder is a merely nominal party whose citizenship will not effect the question of jurisdiction. *Salem Trust Co. v. Mfrs. Co.*, 264 U. S. 182, 44 S. Ct. 266, 69 L. Ed. 628, 31 A. L. R. 867; *Bacon v. Rives*, 106 U. S. 99, 104, 1 S. Ct. 3, 27 L. Ed. 69.

---

[2]According to Erma Lowery's Affidavit, these Colorado limited liability companies were previously dissolved, Princeton on July 1, 2003 and Palancar on August 6, 2001.  (E. Lowery Aff. ¶¶ 14-15.)

*Farmers' Bank v. Hayes*, 58 F.2d 34, 36-37 (6th Cir. 1932).

What neither case explicitly said, but both assumed, is that both subject matter jurisdiction over the nominal party and personal jurisdiction over the nominal party were unnecessary provided that there was subject matter and personal jurisdiction over the real parties and the nominal party held property as a mere custodian for the real parties in interest. This is a valid construction of the law because the S.E.C. must have the ability to prevent scam sellers of securities to secrete funds and must have the ability to reach those funds when the nominal party lacks any legal interest in the funds. However, this doctrine is greeted advisedly for two very important reasons.

First of all, the Supreme Court's precedent about personal jurisdiction is necessarily protective of individual rights in order to assure that the rights of due process are not lost by the use of far-flung suits detached from the calculus of *International Shoe*. This was made plain by the Supreme Court in *Shaffer v. Heitner*, in Justice Marshall's famous discussion regarding *quasi in rem* jurisdiction:

> We are left, then, to consider the significance of the long history of jurisdiction based solely on the presence of property in a State. Although the theory that territorial power is both essential to and sufficient for jurisdiction has been undermined, we have never held that the presence of property in a State does not automatically confer jurisdiction over the owner's interest in that property. This history must be considered as supporting the proposition that jurisdiction based solely on the presence of property satisfies the demands of due process, . . . . , but it is not decisive. "(T)raditional notions of fair play and substantial justice" can be as readily offended by the perpetuation of ancient forms that are no longer justified as by the adoption of new procedures that are inconsistent with the basic values of our constitutional heritage . . . . The fiction that an assertion of jurisdiction over property is anything but an assertion of jurisdiction over the owner of the property supports an ancient form without substantial modern justification. Its continued acceptance would serve only to allow state-court jurisdiction that is fundamentally unfair to the defendant.
> . . . .

> More recent decisions . . . contain no similar sweeping endorsements of jurisdiction based on property. In *Hanson v. Denckla*, 357 U.S., at 246, 78 S.Ct., at 1236, we noted that a state court's in rem jurisdiction is "(f)ounded on physical power" and that "(t)he basis of the jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum State." We found in that case, however, that the property which was the basis for the assertion of in rem jurisdiction was not present in the State. We therefore did not have to consider whether the presence of property in the State was sufficient to justify jurisdiction. We also held that the defendant did not have sufficient contact with the State to justify in personam jurisdiction.
>
> We therefore conclude that all assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny.

*Shaffer v. Heitner*, 433 U.S. 186, 211-12 (1977).

Second, even the case law recognizing the exception intends that its application be limited and that individual rights be protected by the requirement of an evidentiary showing that the property at issue is only nominally held by the named owner. In *Cherif*, the Seventh Circuit upheld the "nominal" defendant theory, but premised its propriety on the making of an evidentiary showing establishing that the defendant merely holds a nominal interest in the asset. *Cherif*, 933 at 415-16 & n.15. In saying so, the *Cherif* court cited with approval the Second Circuit's decision in *Internal Controls Corp. v. Vesco*, 490 F.2d 1334, 1355 (2nd Cir. 1974), which case permitted an injunction against a nominal party premised on an evidentiary showing establishing the nominal party's lack of ownership. *See also Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191-92 (4th Cir. 2002) (upholding "nominal defendant" classification where evidence supporting that defendant lacked a legitimate interest in disputed property); *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1136-37 (W.D. Mich. 1996) (rejecting use of "nominal defendant" label wherein defendants had a real interest in disputed property).

### 3. Application to Erma Lowery, Princeton and Palancar

Do the above named Defendants hold this property as mere nominees? They certainly are not classical custodians of the property because they have never been nominated as such. Furthermore, to the extent that the present record furnishes any evidence of their ownership interests, it does not support Plaintiff's characterization. The Affidavit of Erma J. Lowery supports that she possesses no money wrongfully obtained from the investors described in the Complaint, and by implication has an ownership interest in the funds. (*See* Lowery Aff. ¶ 7.) Lowery's Affidavit also supports that she has had no contact with Michigan and that Princeton and Palancar are dissolved companies. (*Id.* ¶¶ 3-5, 9-10.) Plaintiff has offered no competing evidence.

Plaintiff has requested that the Court strike the affidavits because they are "irrelevant" and were framed without providing Plaintiff the benefits of discovery. However, these arguments do not suffice to reject the import of Lowery's Affidavit. The Affidavit is relevant to the issue of whether Lowery truly owns the funds claimed by Plaintiff. The Affidavit is also fairly considered as part of a Rule 12(b)(2) motion to dismiss. *See Serras v. First Tenn. Bank Na. Ass'n*, 875 F.2d 1212, 1215 (6th Cir. 1989) (stating that "a district court may find sound reasons to rule, on the basis of written submissions . . . ."); *Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F. Supp. 371, 373 (W.D. Mich. 1990) (same). While the district court does have authority to order discovery in connection with a Rule 12(b)(2) motion to dismiss, the Court will not do so in the present case. The only record evidence establishes that the funds are legitimately held by Lowery. The suggestion that discovery might show otherwise is a speculative possibility. It is also a speculative possibility which threatens the very harm warned against in *Shafer v. Heitner*–namely, embroiling Defendants within a prolonged suit in a distant forum to which Defendants are legal strangers. Accordingly, this Court

will not permit prolonged discovery on the issue of jurisdiction, particularly since the papers filed to date do not establish a basis to question Erma Lowery's Affidavit.

Therefore, the Court finds based on the submissions that Plaintiff has failed to make a sufficient preliminary showing that the property of Erma Lowery, Princeton and Palancar is held because of violations of the Securities Laws or is otherwise held as custodians for Harden, Philip E. Lowery, or any other person. In light of such, and in the absence of any showing supporting the Court's exercise of personal jurisdiction over Defendants Erma Lowery, Princeton and Palancar, their Motion to Dismiss will be granted and Plaintiff's Motion to Strike Affidavit will be denied.[3]

**DEFAULT JUDGMENT**

Plaintiff has also moved for a final default judgment against Defendants Harden, Cyberspace, and Development Investments. Default was previously entered by the Clerk on August 22, 2005 due to these Defendants' failure to timely answer the Complaint. Following entry of default, Plaintiff timely moved for default judgment under Rule 55(b)(2), in the amount of $7.25 million, against these Defendants. Plaintiff also requested that the default judgment be certified as final under Rule 54(b)

On September 19, 2005, Harden filed a document purportedly on behalf of himself, Cyberspace and Development Investments. The document appears to be an attempt to answer the Complaint and characterize his business dealings and those of the two corporations as legitimate business dealings which simply failed. Harden also describes his personal health (serious heart problems which resulted in his sporadic hospitalization for the last two months) and otherwise gives

---

[3]The dismissal of said Defendants is without prejudice and does not prevent suit against them in Colorado or other place as to which personal jurisdiction may be established over them.

this Court equitable reasons for setting aside the default judgment entered against him and his corporations.

Motions to set aside the entry of a default are expressly permitted under Federal Rule of Civil Procedure 55(c). "[T]he district court enjoys considerable latitude under the 'good cause shown' standard" of Rule 55(c) to grant a defendant relief from a default entry. *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see also Mfrs. Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995) (recognizing that motions to set aside defaults are to be liberally granted). This policy of the Federal Rules is particularly important since the Rules strongly favor resolution of controversies on the merits. *United States v. Real Property, All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999); *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).

In exercising its discretion, the district court is to consider three factors: (1) whether plaintiff would be prejudiced; (2) whether defendant has a meritorious defense; and (3) whether culpable conduct of defendant caused the default. *Mfrs. Indus. Relations Ass'n*, 58 F.3d at 209; *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

Upon review of these factors, the Court concludes that all factors favor the setting aside of the default since Plaintiff would not be prejudiced by the slight delay in these proceedings, Defendant has asserted potentially meritorious defenses, and the default was not caused by culpable conduct (but was rather caused by significant health problems besetting Defendant Harden). In saying so, the Court receives Harden's document as an answer on behalf of both him and the two corporations. However, since Harden cannot under Sixth Circuit and Michigan law represent a corporation, *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Ginger v. Cohn*, 426

F.2d 1385, 1386 (6th Cir. 1970); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969), those corporations will be required to retain an attorney within a reasonable period of time for the purpose of filing an amended answer and otherwise defending the suit.[4]  If counsel is not obtained for the corporations within a reasonable time, then they will be subject to later sanction, including default judgment for failing to properly defend this action.

## **MOTION TO DISMISS**

Defendant Philip E. Lowery has moved to dismiss the claims against him due to failure to allege fraud with particularity.  The Court has examined the Complaint and determines that it sufficiently alleges fraud with particularity.  *See S.E.C. v. Blackman*, 2000 W.L. 868770, *4 (M.D. Tenn. 2000); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).  Accordingly, Defendant Philip Lowery's Motion to Dismiss and for More Definite Statement will be denied.

## **CONCLUSION**

An Order and Partial Judgment of Dismissal shall issue consistent with this Opinion granting Defendant Erma J. Lowery, Princeton Holdings, LLC, and Palancar, LLC's Motion to Dismiss, denying Plaintiff Securities and Exchange Commission's Motion to Strike and Motion for Final Default Judgment, setting aside the default against Defendants Gary Harden, Sr., Cyberspace, Ltd., and Development Investments & Associates, Inc., and denying Defendant Philip E. Lowery's Motion to Dismiss or for More Definite Statement.

DATED in Kalamazoo, MI:   /s/ Richard Alan Enslen
    October 17, 2005   RICHARD ALAN ENSLEN
                      SENIOR UNITED STATES DISTRICT JUDGE

---

[4] The Court expects that a deadline for doing so will be provided at the forthcoming Rule 16 Conference.