UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Case No. 1:05-CV-354

    Plaintiff,

v.        Hon. Richard Alan Enslen

GARY L. HARDEN, SR. and
PHILIP E. LOWERY,

    Defendants,
and

CYBERSPACE, LTD. and
DEVELOPMENT INVESTMENTS
& ASSOCIATES, INC.,        **ORDER**

    Relief Defendants.
_____/

    This matter is before the Court on Plaintiff Securities and Exchange Commission's Motion to Strike [Defendant Philip] Lowery's Defense of Statute of Limitations. The Motion has been fully briefed and oral argument is unnecessary in light of the briefing.

    Plaintiff's Motion is premised upon Federal Rule of Civil Procedure 12(f), rather than the more typical dismissal provisions of Rule 12(b). Rule 12(f) was adequately explained by the Fourth Circuit Court of Appeals as follows:

> Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to "order stricken from any pleading any insufficient defense." Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990). Nevertheless, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Id.* § 1381 at 665.

*Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *see also Ameriwood Indus. Int'l Corp. v. Arthur Anderson & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (permitting exclusion of legally insufficient defense). Notwithstanding, striking a defense remains a drastic remedy which should be used only when justice so requires. *See Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

In this suit, the debate is over whether the statute of limitations defense raised by Defendant Lowery is legally insufficient. The back and forth argument has persuaded this Court of the following conclusions, which are supported by significant precedent.

First, as explained by the Ninth Circuit in *S.E.C. v. Rind*, 991 F.2d 1486, 1490 (9th Cir. 1993) (citing cases), the Commission itself (with one exception) is not subject to either limitation periods or equitable laches which would limit its rights to sue to recover monies on behalf of investors damaged by securities fraud. *See also S.E.C. v. Diversified Corporate Consulting Group,* 378 F.3d 1219, 1224 (11th Cir. 2004); *P. Stolz Family P'ship L.P. v. Daum,* 355 F.3d 92, 104 (2nd Cir. 2004); *S.E.C. v. Lorin*, 869 F. Supp. 1117, 1122-23 (S.D.N.Y. 1994). This is because the federal securities statute under which the Commission sues does not provide any explicit waiver of sovereign immunity and because the Commission is a public agency which receives public funds such that a presumption of waiver would undermine the public fisc. This ruling covers claims for disgorgement, accounting and injunction made by the Commission. *Id.* This rule of law is also consistent with the general rule of federal law that waiver of sovereign immunity is narrowly construed. *See United States v. Summerlin,* 310 U.S. 414, 416 (1940); *Hatchett v. United States*, 330 F.3d 875, 887 (6th Cir. 2003).

Notwithstanding, there is one exception to this rule which is created by a general statute of repose which is specifically applicable to civil penalties sought by the federal government–28 U.S.C.

§ 2462. This statute, in light of its wording, has been applied by federal courts to limit actions brought by federal agencies, including the S.E.C., to assess monetary penalties. *3M Co. v. Browner*, 17 F.3d 1453, 1461 (D.C. Cir. 1994); *Johnson v. S.E.C.*, 87 F.3d 484, 488 (D.C. Cir. 1996). This is a statute of repose, and not a statute of limitations, which means that it is not subject to equitable extensions, such as due to delayed discovery, fraudulent concealment or the interest of "public policy." *3M Co.*, 17 F.3d at 1460-61; *Johnson*, 87 F.3d at 492. It is also not subject to extension on the ground that multiple violations constitute a single "continuing violation."[1] *See In re Enron Corp.*. 310 F. Supp. 2d 819, 844 (S.D. Tex. 2004) (citing *Caviness v. Derand Res. Corp.,* 983 F.3d 1295, 1301-02 (4th Cir. 1993)); *S.E.C. v. Caserta*, 75 F. Supp. 2d 79, 89 (E.D.N.Y. 1999); *de la Fuente v. DCI Telecomm., Inc.*, 259 F. Supp. 2d 250, 265 (S.D.N.Y. 2002).

Because Plaintiff is seeking civil penalties in this suit (Compl., 14) and there was some delay in the filing of suit, the affirmative defense of limitations under 28 U.S.C. § 2462 may apply. As such, it should not be stricken.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Securities and Exchange Commission's Motion to Strike and Proposed Order (Dkt. Nos. 44 & 47) are **DENIED**.

|  |  |
|---|---|
|  | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| January 12, 2006 | SENIOR UNITED STATES DISTRICT JUDGE |

---

[1] As suggested by Defendant Lowery, the application of a "continuing violation" equitable extension doctrine would also expand that doctrine beyond its proper parameters as previously recognized by Sixth Circuit law.