UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES <br>    AND EXCHANGE COMMISSION, <br>       *Plaintiff*, <br>          v. <br> GARY L. HARDEN, SR. and <br> PHILIP E. LOWERY, <br>       *Defendants*, <br>    and <br> CYBERSPACE, LTD., and <br> DEVELOPMENT INVESTMENTS & <br>    ASSOCIATES, INC., <br>       *Relief defendants*. | Civil Action No. 1:05CV0354 <br> Hon. Richard Alan Enslen |

**FINAL JUDGMENT AS TO RELIEF DEFENDANTS CYBERSPACE, LTD., AND <u>DEVELOPMENT INVESTMENTS & ASSOCIATES, INC.</u>**

On May 19, 2005, the United States Securities and Exchange Commission filed a Complaint in this action naming Cyberspace, Ltd., and Development Investments & Associates, Inc., as Relief Defendants. Cyberspace, Ltd., and Development Investments & Associates, Inc., have not answered the Complaint in this action. On October 17, 2005, this Court Ordered Relief Defendants Cyberspace, Ltd., and Development Investments & Associates, Inc., to either obtain counsel to answer the Complaint or to show cause why they should not be found in default and why Final Judgment should not be entered against them. Cyberspace, Ltd., and Development Investments & Associates, Inc. have failed to either retain counsel, answer the Complaint in this action, or show cause why they should not be found in default.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendants Cyberspace, Ltd., and Development Investments & Associates, Inc., are in default for failing to answer the Complaint in this action filed on May 19, 2005.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendants Cyberspace, Ltd., and Development Investments & Associates, Inc., will provide to the Plaintiff United States Securities and Exchange Commission not later than thirty (30) days after the entry of this Final Judgment a full accounting of all assets, property, funds, benefits, accounts, policies, loans, credits and interests obtained, received, controlled or held by them at any time during the period beginning on January 1, 1999, and ending on March 31, 2001.  Relief Defendants Cyberspace, Ltd., and Development Investments & Associates, Inc., shall include in the accounting the source, holder, owner, amount, worth, value, purpose, disposition, transfer, disbursements, distributions, payments and use of the assets, property, funds, benefits, accounts, policies, loans, credits and interests.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendants Cyberspace, Ltd., and Development Investments & Associates, Inc., are jointly and severally liable for disgorgement of $2,018,800, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,206,566.87, for a total of $3,225,366.87.  The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt

(and/or through other collection procedures authorized by law) at any time after ten (10) days following entry of this Final Judgment.  In response to any such civil contempt motion by the Commission, the relief defendants may assert any legally permissible defense.  Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Relief Defendants Cyberspace, Ltd., and Development Investments & Associates, Inc., as relief defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Relief defendants shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action.  Relief defendants relinquish all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to defendants.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Relief defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July __31_____, 2006.

/s/ Richard Alan Enslen
_____
**Honorable Richard Alan Enslen,**
UNITED STATES DISTRICT JUDGE
Western District of Michigan

Requested by:

**_S [Carl A. Tibbetts]**
**Carl A. Tibbetts**, Assistant Chief Litigation Counsel, Trial Unit
Attorney for Plaintiff, United States Securities and Exchange Commission
100 F Street, NE
Washington, DC  20549-4030
Tel:  (202) 551-4483, Fax: (202) 772-9245
E Mail: TibbettsC@Sec.Gov