UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                            Plaintiff,

           v.

PHILIP E. LOWERY, et al.,

                            Defendants.

No. 1:05-cv-00354-PLM-ESC

**FINAL JUDGMENT AS TO DEFENDANT PHILIP E. LOWERY**

Plaintiff Securities and Exchange Commission ("Commission"), having filed a Complaint and Defendant Philip E. Lowery ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; signed a Consent of Defendant Philip E. Lowery agreeing to the entry of this Final Judgment; waived findings of fact and conclusions of law; waived any right to appeal from this Final Judgment; and having been previously permanently enjoined pursuant to the Court's Opinion and Order dated July 15, 2009 from violating the federal securities laws, which Opinion and Order is incorporated herein:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $4,500,000, together with prejudgment interest thereon in the amount of $2,697,293.67, for a total of $7,197,293.67, which constitutes Defendant's profits and the interest thereon from the unlawful conduct alleged in the Complaint, which is related to the conduct for which he was convicted in a parallel criminal action captioned *U.S. v. Lowery et al.*, No. 06-cr-00104-JTN (W.D. Mich.), and that payment of all but $275,000 of the disgorgement and prejudgment interest in this case shall be and is deemed satisfied based upon his payment of the restitution and fine ordered against the Defendant in the parallel criminal action and based upon the defendant's sworn representations in his statements of financial condition and in his deposition testimony provided to the Commission in this action. Based on the sanctions imposed in the parallel criminal action, the Court is not ordering Defendant to pay a civil penalty. Defendant shall satisfy his obligation under this Final Judgment by paying $275,000 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Philip E. Lowery as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. A copy of that cover letter shall be sent to counsel for the Commission in this case, addressed to: Arthur S. Lowry, United States Securities and Exchange Commission, 100 F. St., NE, Washington, DC, 20549. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant Philip E. Lowery is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and the terms of the Opinion and Order dated July 15, 2009, previously entered in this case permanently enjoining Defendant from violations of the federal securities laws, which remains in full force and effect.

Dated: March 16, 2011

/s/ Paul L. Maloney
UNITED STATES DISTRICT JUDGE